NIBLEY-MIMNAUGH LUMBER COMPANY, BY J. F. RAVENSCROFT, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85966. Promulgated April 5, 1938.

*Allan A. Smith, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

618

OPINION.

ARUNDELL: The question for consideration at this time is whether there is before us a proper petition to bring the proceeding within our jurisdiction. As set out in the findings of fact, the notice of deficiency was addressed to "Nibley-Mimnaugh Lumber Company, c/o J. F. Ravenscroft." The petition was filed by Ravenscroft, purporting to be trustee for the corporation to whom the deficiency notice was sent. The corporation itself obviously could not file a petition, as it was dissolved on March 7, 1924, and under the holding in *G. M. Standifer Construction Co.* v. *Commissioner*, 78 Fed. (2d) 285, its corporate existence completely terminated five years after that date. The *Standifer* case, like this, involved an Oregon corporation. More than five years after dissolution a review of the Board's decision was sought in the Circuit Court of Appeals for the Ninth Circuit. The Circuit Court dismissed the petition for review. It was there pointed out that upon dissolution of a corporation the corporate existence is continued for five years for purposes of liquidation, winding up the business and disposing of property. After the expiration of that period of time the corporation was as if it did not exist and even suits commenced within that period abate upon the expiration thereof. In the present case the corporation became completely defunct five years after March 7, 1924, that is, on March 7, 1929. Consequently it could not file the petition that was filed herein purportedly in its behalf on August 1, 1936. The petition therefore is not the petition of the taxpayer against whom the deficiency was determined, and we have no jurisdiction to hear the proceeding. *E. N. & O. M. Ennis*, 21 B. T. A. 406; *Estate of S. S. Hunter, Inc.*, 26 B. T. A. 259; affirmed March 11, 1933, by the Circuit Court of Appeals for the Fifth Circuit without opinion.

The contract of October 1, 1923, between the corporation and Ravenscroft does not give validity to the petition filed herein. It can not breathe life into the dead corporation, so as to make it the petitioner. If there are Oregon statutes that continue the existence of a corporation under such a contract, the petitioner has not brought them to our attention, and the petitioner has the burden of establishing jurisdiction. See *First Bond & Mortgage Co.*, 21 B. T. A. 1.

The petitioner contends that section 272 (k) of the Revenue Act of 1934 gives the petition validity. That section provides as follows:

(k) ADDRESS FOR NOTICE OF DEFICIENCY.—In the absence of notice to the Commissioner under section 312 (a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this title, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this title even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

The quoted provision is designed to give validity to the notice of deficiency under certain circumstances and relates to a question not present here. Neither party questions the notice of deficiency; the question here is whether the petition is a proper one. For reasons given above, we hold that there is no proper petition before us. Accordingly, the order entered in this proceeding on March 29, 1937, will be vacated and respondent's motion to dismiss for lack of jurisdiction is granted.

*Order of dismissal will be entered.*